**ORIGINAL**

1 | DEL HARDY, ESQ. (SBN 1122)
  | HARDY & ASSOCIATES
2 | 98 & 96 Winter Street
  | Reno, Nevada  89503
3 | (775) 786-5800

4 | Attorney for Albert G. Garland

RECEIVED & FILED

'02 JUL -3 P2 :16

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF NEVADA

NORTHERN DIVISION

| | |
|---|---|
| IN RE: ALBERT G. GARLAND, | Case No. BK-N-01-33620 |
| Debtor, | CHAPTER 11 |
| Social Security No. 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 | Motion No.: |
| | **-EX PARTE-** |
| | **MOTION TO SET ASIDE DISMISSAL OF CASE UNTIL PROPER NOTICE IS SENT TO ALL PARTIES OF INTEREST INCLUDING DEBTOR** |
| | Hearing Date: |
| | Hearing Time: |

COMES NOW, Debtor, ALBERT G. GARLAND, by and through his attorney, DEL HARDY, ESQ., and hereby requests this court to set aside the dismissal of case filed by this court on May 23, 2002, until such time as all parties of interest have received notice of that dismissal or otherwise enter an order which serves equity and justice to preserve the Debtor's interest in his home which has been foreclosed on in part because the Debtor was unaware of the Order dismissing the case.

This Motion is made pursuant to the Bankruptcy Rules and Codes and in particular 11 U.S.C 105 which empowers this court to issue any order that is necessary or appropriate to carry out the provisions of the title and to prevent any abuse of process.

This court entered its order on May 23, 2002. That order is attached hereto as Exhibit "A". The court will note that Debtor's attorney did not sign off on that order. Additionally, the order was never sent out and served upon anyone and there is no mailing matrix or Notice of Entry of Order on file in the case.

1  Neither the Debtor or Debtor's counsel were ever advised of the Order Granting Dismissal until a copy was
2  obtained after a foreclosure occurred on Debtor's home. A foreclosure sale that the Debtor only found out
3  about after the foreclosure occurred.

4      On June 12, 2002, Homeside Lending somehow found out about the court's May 23, 2002 Order of
5  Dismissal and held a foreclosure sale on Debtor's home at 321 Ski Way, #83, Incline Village, Nevada,
6  89450. This is Debtor's home and primary residence and has approximately $100,000.00 worth of equity
7  which is now gone away. Debtor had filed on June 19, 2002, a Faulty Sale Notice with the Washoe County
8  Recorder's Office and to date, Debtor has not been asked to be moved from his home.

9      Homeside Lending however, refuses to set aside a foreclosure sale, therefore, it is necessary to
10 respectfully ask this court to issue an order that provides that the Dismissal signed of May 23, 2002 is not
11 effective until Notice of Entry of Order is sent to all interested parties including Debtor and Debtor's
12 counsel. By doing so, the sale would then become void and Debtor could take the appropriate steps to tender
13 the payments that Debtor has been ready, willing and able to do since March of 2002. The court will note
14 in Exhibit "B", debtor tendered January and February 2002 payments which were accepted. No additional
15 notices were ever sent of any pending foreclosure.

16     Debtor's counsel has provided a copy of this to parties requesting special Notice that being James
17 L. Pagano, Esq. for Creditor Mahoney, Mortgage Companies and the U.S. Trustee's Office.

18     DATED this 3 day of July, 2002.

21     DEL HARDY, ESQ.
    Attorney for Debtor ALBERT G. GARLAND

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Bankr.P. 9014, 7004 and Fed.R.Civ.P.4b(g), I, Debbie Roberts, hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on the 3rd day of July, 2002, I served the foregoing documents by mailing a copy thereof by first class mail to:

James L. Pagano, Esq.
Law Office of James L. Pagano
96 North Third Street, Suite 620
San Jose, CA   95112

HomeSide Lending, Inc.
P.O. Box 44255
Jacksonville, FL 32231-4255

HomeSide Lending, Inc.
P.O. Box 7198
Pasedena, CA   91109-7198

Ginny Tillmanshofer
1309 Sandpiper
Palm Desert, CA   92260

Malcolm, Cisneros & Houser
Trustee Corps
1401 N. Batavia Street
First Floor, Suite 102
Orange, CA   92867

Nicholas Strozza,
Assistant U.S. Trustee
300 Booth Street, Room 2129
Reno, Nevada   89509

Dated this 3rd day of July, 2002.

_____
Debbie Roberts

C:\Paralegal\DH\Garland\Motion.Set.Aside.dismissal.wpd

A

Case 01-33620-gwz    Doc 123    Entered 07/05/02 12:04:40    Page 4 of 12

MAY 15 REC'D

1  JAMES L. PAGANO, ESQ (CA State Bar No. 098185)
   LAW OFFICES OF JAMES L. PAGANO
2  96 North Third Street, Suite 620
   San Jose, CA 95112
3  Telephone: (408) 999-5678
   Facsimile: (408) 999-5684
4
   Attorneys for Movants, Creditors, the ESTATE OF
5  MERRILL J. MALONEY, by Sharon R. Maloney,
   its Personal Representative, and SHARON R.
6  MALONEY, an individual

RECEIVED AND FILED
02 MAY 23 AM 9:34
U.S. BANKRUPTCY COURT
PATRICIA GRAY, CLERK

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF NEVADA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE ALBERT G. GARLAND, | Case No. BK-N-01-33620 |
| Debtor, | CHAPTER 11 |
| Social Security No. 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 | Motion No.: |
| | **ORDER GRANTING DISMISSAL OF CHAPTER 11 CASE, WITH PREJUDICE TO ITS BEING REFILED, AND STAYING, AS MOOT, OBJECTIONS TO DISCHARGEABILITY OF CERTAIN DEBTS OWED BY DEBTOR AND DEBTOR'S CLAIM TO A HOMESTEAD EXEMPTION** |
| | Hearing Date: March 11, 2002 |
| | Hearing Time: 10:00 a.m. |
| | Courtroom No.: 1161 |
| / | Judge: Honorable Gregg W. Zive |

The Motion of Movants/Creditors, the Estate of Merrill J. Maloney and Sharon R. Maloney, an individual (collectively "MALONEY"), seeking an order dismissing the above-referenced case ("this Motion to Dismiss" or "the Motion"), with prejudice to its being refiled, initially came on for hearing before this Court on February 1, 2002. At that time, this Court, acknowledging the principal argument raised in response to the Motion by Debtor, Albert G. Garland ("DEBTOR"), to wit, that

1

ORDER GRANTING DISMISSAL OF CHAPTER 11 CASE, WITH PREJUDICE TO ITS BEING
REFILED, AND STAYING, AS MOOT, OBJECTIONS TO DISCHARGEABILITY OF CERTAIN
DEBTS OWED BY DEBTOR AND DEBTOR'S CLAIM TO A HOMESTEAD EXEMPTION

**ORIGINAL**

1  the Motion was filed and served before the expiration of the period during which DEBTOR could
2  exclusively offer, for approval, a Disclosure Statement, pursuant to 11 U.S.C. §1125, including a
3  prospective confirmable Plan of Reorganization ("the Plan"), and in order to permit DEBTOR this
4  opportunity, continued the hearing on the Motion to March 11, 2002, approximately one month after
5  that exclusivity period expired. The Court further ordered that DEBTOR file a proposed Disclosure
6  Statement and Plan on or before February 15, 2002. Additionally And, the Court announced on
7  February 1, that the further hearing of this Motion would trail the Court's consideration of the
8  proposed Disclosure Statement and Plan as, thereafter, filed by DEBTOR.

9        On or about March 11, 2002, DEBTOR appeared at the hearing on this motion by and
10 through his counsel of record, the Law Offices of Del L. Hardy by attorneys, Del L. Hardy, Esq. and
11 Teresa B. McKee, Esq.; the United States Trustee appeared by and through an Assistant United
12 States Trustee, Nicholas Strozza, Esq.; Creditors, the Estate of Merrill J. Maloney and Sharon R.
13 Maloney (collectively "MALONEY") appeared by and through their counsel of record, the Law
14 Offices of James L. Pagano by James L. Pagano, Esq.[1]; Scott Ward, Esq., of Germain and Young,
15 a California-licensed attorney retained by Creditor, Stanley Flake, as the Trustee of the F. Hanse
16 Trust ("Flake"), monitored the hearing, on behalf of that Creditor.[2]

17       This Court, having received and reviewed the proposed Disclosure Statement offered by
18 DEBTOR as well as the Plan, having signed and issued an order on this day denying, with prejudice
19 to its being re-filed, the Motion seeking approval of the said Disclosure Statement, and determining

---

[1] Mr. Pagano was admitted to practice *pro hac vice*, in this case only, by order of this Court dated November 9, 2001. He was permitted to practice without having to associate Nevada-admitted counsel pursuant to Local Rule, IA 10-2(c), on the same day.

[2] The Court was made aware by Mr. Ward that he is a licensed by the State of California to practice law in that state's courts. Therefore, in order to appear in this matter, pursuant to the rules of this Court, specifically LR 1A 10-2, Mr. Ward is required to file a verified petition to be admitted to practice in this case, *pro hac vice*. Thereafter, before he appears in this Court, that Petition must be considered and granted by the Court. (*Id.* sub.(b).) Mr. Ward confirmed that he has not yet filed such a Petition. Therefore, he could not be permitted to formally appear and argue for to do otherwise would have served to violate this Court's rules of practice. (*Id.*, sub (a) and (b)). Therefore, he was permitted to be present, telephonically, at the hearing to merely monitor the arguments made.

that no purpose can be served by the maintenance of this case, as the Court has found that there is no reasonable possibility that DEBTOR can re-organize and there is no evidence that DEBTOR can propose a confirmable plan,[3] this Court now rules as follows:

Good cause therefor having been demonstrated, this Court hereby GRANTS this Motion to Dismiss, finding that this case, from its beginning, has been utilized by DEBTOR as a litigation tactic through which DEBTOR has attempted to receive a result that he could not obtain in any other forum, a successful collateral attack against a judgment entered against DEBTOR and which has been final for seven years, including the order denying motion to vacate that judgment brought by DEBTOR, the denial of which motion by the Court that entered the referenced judgment has been final for more than six years. For this reason and for the reasons more particularly set forth in the referenced "Order Denying Approval of Proposed Disclosure Statement, *With Prejudice to its Being Re-Filed*" (see footnote 1), the Court finds that this case is utterly and completely without merit and is, for that reason, DISMISSED, at this time, with prejudice to its being re-filed.

The Court further incorporates herein, by reference, all of the oral findings that he made at the hearing hereof on March 11, 2002 that are consistent herewith, as well as those consistent oral findings made at the prior hearing on the Motion which occurred on February 1, 2002, and states that such oral findings and conclusions are made pursuant to Federal Rule of Bankruptcy Procedure, Rule 7052, which incorporates Federal Rule of Civil Procedure, Rule 52, into bankruptcy cases.

In addition to the foregoing, as a consequence of the granting of the Motion, the objections timely filed by MALONEY to DEBTOR's claim of an exemption, pursuant to Nevada's homestead exemption law (Nevada Revised Statutes, §21.090(m)), involving that real property more commonly known as 321 Ski Way Blvd., unit 83, Incline Village, NV, have been rendered moot. Thus, the said objections are not subject to the absolute deadline established by the decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-644, 112 S.Ct. 644, 118 L.Ed 2d. 280 (1992). The Court expressly finds that these objections were timely asserted and the Court, by its reference to this issue in this Order,

---

[3] See "Order Denying Approval of Proposed Disclosure Statement, *With Prejudice to Its Being Re-Filed*", and the findings which are fully incorporated by reference therein as though set forth. That Order and the said findings are also fully incorporated herein and made a part of this Order as well.

3

ORDER GRANTING DISMISSAL OF CHAPTER 11 CASE, WITH PREJUDICE TO ITS BEING REFILED, AND STAYING, AS MOOT, OBJECTIONS TO DISCHARGEABILITY OF CERTAIN DEBTS OWED BY DEBTOR AND DEBTOR'S CLAIM TO A HOMESTEAD EXEMPTION

1 | intends to protect MALONEY should the dismissal memorialized herein be reversed on appeal by
2 | a Court having jurisdiction to consider this Order, and the case, thereafter, is permitted to proceed.

In addition to the foregoing, the Court specifically finds that MALONEY have also timely filed objections to the dischargeability of certain identified claims owing to them by DEBTOR. The Court determines that the said objections to dischargeability are not subject to the absolute deadline set forth in the decisions of the United States Supreme Court, but the deadline for filing such dischargeability matters is hereby stayed, as moot, by the issuance of this Order, pending any reversal thereof by a court having jurisdiction to consider this Order.

Dated: May 23, 2002

_____
Honorable Gregg W. Zive
Judge of the United States Bankruptcy Court

Approved as to Form and Content:

LAW OFFICES OF DEL HARDY & ASSOCIATES

_____
by: Del Hardy, Esq., Attorneys for Debtor,
Albert G. Garland

UNITED STATES TRUSTEE, DISTRICT 17,

_____
by: Nicholas Strozza, Esq.,
Assistant United State Trustee

C:\Clients\Maloney\Albert Garland\Pleadings\2002\Order Granting Dismissal 4-16.wpd

4

ORDER GRANTING DISMISSAL OF CHAPTER 11 CASE, WITH PREJUDICE TO ITS BEING REFILED, AND STAYING, AS MOOT, OBJECTIONS TO DISCHARGEABILITY OF CERTAIN DEBTS OWED BY DEBTOR AND DEBTOR'S CLAIM TO A HOMESTEAD EXEMPTION

Received Fax :         APR 19 2002 16:30AM     Fax Station :    LAW OFFICES                    P. 2
04/19/02 FRI 09:40 FAX 70278    31              RENO UST                                                    ⓘ002

1 | issue in this Order, intends to protect MALONEY should the dismissal memorialized herein be
2 | reversed on appeal by a Court having jurisdiction to consider this Order, and the case, thereafter, is
3 | permitted to proceed.
4 |       In addition to the foregoing, the Court specifically finds that MALONEY have also timely
5 | filed objection(s) to the dischargeability of certain identified claims owing to them by DEBTOR.
6 | The Court determines that the said objection(s) to dischargeability is(are) not subject to the absolute
7 | deadline set forth in the decisions of the United States Supreme Court, but the deadline for filing
8 | such dischargeability matters is hereby stayed, as moot, by the issuance of this Order, pending any
9 | reversal thereof by a court having jurisdiction to consider this Order.
10 | Dated: April __, 2002
11 |
12 |                                         _____
                                             The Honorable Gregg W. Zive
                                             Judge of the United States Bankruptcy Court
13 | Approved as to Form and Content:
14 | LAW OFFICES OF DEL HARDY & ASSOCIATES
15 |
16 | _____
17 | by: Del Hardy, Esq.  Attorneys for DEBTOR, Albert G. Garland
18 | UNITED STATES TRUSTEE, DISTRICT 17,
19 |
20 | /s/ Nicholas Strozza
21 | by: Nicholas Strozza, Esq., Assistant United State Trustee

C:\Clients\Maloney\Albert Garland\Pleadings\2002\Order Granting Dismissal 4-16.wpd

ORDER GRANTING DISMISSAL OF CHAPTER 11 CASE, WITH PREJUDICE TO ITS BEING REFILED, AND STAYING, AS MOOT, OBJECTIONS TO DISCHARGEABILITY OF CERTAIN DEBTS OWED BY DEBTOR AND DEBTOR'S CLAIM TO A HOMESTEAD EXEMPTION

B

Case 01-33620-gwz    Doc 123    Entered 07/05/02 12:04:40    Page 10 of 12

**FAULTY SALE NOTICE**

1  Recording requested by Albert G. Garland

3  Regarding Property:

5  APN: 126-120-18

7  Address: 321 Ski Way # 83
8          Incline Village NV. 89450

12  **Notice Is Hereby Given That:**

14  **The Trustee Sale # U09045259N, conducted in Reno, Nevada, on June
15  12, 2002, was Faulty and Invalid for the following reasons:**

17  1. Albert G. Garland, an owner of the subject property was in a Chapter 11
18  Bankruptcy, at the time, as he had not received the notice of any discharge,
19  and for that reason the sale was held prior to the 10 day waiting period,
20  after a bankruptcy discharge as required by Federal Statute.
21  2. Homeside Lending, did accept payments on loan number 2728897 in January
22  and February of 2002, some five months after the notice of default and
23  election to sell was recorded on April 24, 2001.
24  3. Lender failed to provide an accurate accounting of funds required from the
25  borrower, to cure or reinstate the loan, as requested by Albert G. Garland
26  on April 23rd 2002.
27  4. Failure to notify junior lien holders, three in number, of the required funds
28  to cure the default, also the time and place of the sale.
29  5. According to bidders present at the sale, there were a number of
30  inappropriate actions by the crier, including but not limited, to not holding
31  an open and thorough sale.

34  I do swear that the above statements are true and correct to the best of my
35  knowledge,

39  *[signature]* 6/19/02
40  Albert G. Garland    MAIL TO BOX 5373
41  321 Ski Way Blvd. Number 83    INCLINE VILLAGE NV. 89450-5373
42  P.O. Box 5373
43  Incline Village NV. 89450
44  775 831-8754

46  Witnessed: _____

ACKNOWLEDGEMENT FORM – NRS 240.166

STATE OF _Nevada_

COUNTY OF _Washoe_   SS:

This instrument was acknowledged before me on _June 19_, 20_02_, by _Albert George Garland_,

_M. Jessie Teller/Court Clerk_

Notarial Officer - State of Nevada
Deputy Court Clerk-Incline Justice Court
Washoe County
NRS 240.1635; 4.350

SIGNATURE OF NOTARIAL OFFICER

TITLE _Court Clerk_



DOC # 2701331
06/19/2002 10:01A Fee:15.00
BK1
Requested By
ALBERT G GARLAND
Washoe County Recorder
Kathryn L. Burke - Recorder
Pg 2 of 2 RPTT 0.00